■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY JACKSON, Appellant. — In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, entered October 25, 1965, which, without a hearing, denied his application to vacate a judgment of the former County Court, Queens County, rendered June 26, 1959, convicting him of burglary in the third degree and petit larceny, upon a jury verdict, and imposing sentence upon him as a second felony offender. Order affirmed. In our opinion, defendant is not entitled to *coram nobis* relief (*People* v. *Kling,* 19 A D 2d 750, affd. 14 N Y 2d 571, cert. den. 381 U. S. 920; cf. *People* v. *Marchese,* 19 A D 2d 728, affd. 14 N Y 2d 695, cert. den. 381 U. S. 910). Unlike the cases cited by appellant (*People* v. *Ludwig,* 16 N Y 2d 1062; *People* v. *Fuentes,* 25 A D 2d 522; *People* v. *Barsey,* 21 A D 2d 828), the application herein was based solely on a claim that he was deprived of his right to appeal from the judgment of conviction by the failure of his assigned counsel to keep a promise to file a notice of appeal in his behalf. Beldock, P. J., Ughetta and Hill, JJ., concur; Christ and Benjamin, JJ., dissent with the following memorandum: We disagree with the majority's adherence to the reasoning set forth in *People* v. *Kling* (19 A D 2d 750, affd. 14 N Y 2d 571, cert. den. 381 U. S. 920), and would grant defendant a hearing with respect to the allegations of his petition. Since the decision in *People* v. *Kling* (*supra*), the First Department (New York and Bronx Counties Supreme Court Rules, part 2, rule VI, eff. Sept. 1, 1963), the Fourth Department (Special Rule 8, eff. Apr. 2, 1965), and the Administrative Board of the Judicial Conference (rule 9, eff. Dec. 15, 1964) have adopted similar rules imposing upon counsel assigned to the defense of an indigent defendant in the trial court the duty, following sentence: (1) to advise the defendant of his right to appeal, the time limitation and procedure, and the manner of obtaining a trial transcript, and (2) to ascertain if the defendant desires to appeal and, if so, to serve and file the necessary notices. Similarly, there has been recognized of late a broader responsibility upon the court to insure that a defendant's right to appellate review is not frustrated by the lack of legal assistance, stemming from indigency, during the period within which any appeal must be initiated, whether the defendant voices his desire to appeal in open court (*People* v. *Grimaldi,* 25 A D 2d 657) or not (*People* v. *Ludwig,* 16 N Y 2d 1062; *People* v. *Taylor,* 25 A D 2d 439). In view of these developments, in our opinion it can no longer be said that *People* v. *Kling* (*supra*) expresses the rule to be followed in these instances. The failure of court assigned counsel to initiate an appeal, after agreeing or promising to do so, should be recognized as a ground for *coram nobis* relief, to the extent that a defendant establishing such a failure is entitled to resentencing, *nunc pro tunc,* in order to have his right to appeal protected.